United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10138
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGGIE MACK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-186-ALL-G
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Reggie Mack was convicted pursuant to a guilty plea of distributing 50 grams or more of methamphetamine. He now appeals the 109 month term of imprisonment imposed for that offense.

Mack argues that the district court improperly imposed a three-point increase in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(5)(B)(2002). Section 2D1.1(b)(5)(B)(2002) calls for a three-point increase if an offense involved the manufacture of methamphetamine and created a substantial risk of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harm to the environment or to human life. Considering Mack's underlying offense conduct, as defined in § 1B1.3(a) and considered by the distri\ct court in light of the factors set forth in application note 20(A) to § 2D1.1(b)(5)(B), the district court did not err in applying § 2D1.1(b)(5)(B) in Mack's case.

Mack also argues for the first time on appeal that his sentence is unconstitutional in light United States v. Booker, 543 U.S. 220 (2005). The district court's error in enhancing Mack's sentence under the mandatory sentencing regime in effect at the time, after finding facts neither admitted by Mack nor proved to a jury beyond reasonable doubt, does not rise to the level of plain error. Nothing in the record indicates that the district court would have imposed a lesser sentence under an advisory sentencing regime rather than a mandatory one. See United States v. Infante, 404 F.3d 376, 394-95 (5th Cir. 2005); United States v. Mares, 402 F.3d 511, 520-21 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

The judgment of the district court is AFFIRMED.